█ In the Matter of CARLOS ABREU, Appellant, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [922 NYS2d 667]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 2, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order and misuse of state property after he refused to return overdue legal materials to the law library. He was charged in a second misbehavior report with making threats and harassment after he wrote a letter that threatened the correction officer who worked in the law library. A third misbehavior report charged petitioner with refusing a direct order, destruction of state property and violation of search and frisk procedures after he refused to exit his cell to permit a search, attempted to flush several law library books down his cell toilet and then ripped the books apart. After three separate tier III disciplinary hearings, all of which petitioner refused to attend, he was found guilty of all charges. Those dispositions were upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding to challenge them. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. Contrary to petitioner's contention, we find no evidence that he was deprived of his right to attend the disciplinary hearings. At each disciplinary hearing, the escort officers testified that petitioner refused to attend, despite being advised that the hearings would proceed in his absence (see Matter of Haden v Prack, 62 AD3d 1133, 1134 [2009]; Matter of Morris v Goord, 50 AD3d 1327, 1327 [2008]). Finally, based upon his failure to attend the disciplinary hearings, we conclude that petitioner has failed to preserve any procedural challenges to the manner in which those hearings were conducted (see Matter of McFadden v Dubray, 61 AD3d 1170, 1171 [2009]; Matter of

*Cooper v Selsky*, 43 AD3d 1254, 1255 [2007], *appeal dismissed* 9 NY3d 1026 [2008]). Petitioner's remaining argument is similarly unpreserved.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.