■ In the Matter of CRISTIAN COLON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [950 NYS2d 821]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After confidential information was received by a correction officer indicating that petitioner was a participant in a brutal assault upon another inmate, petitioner was charged in a misbehavior report with assault, possessing a weapon and violent conduct. Following a tier III disciplinary hearing, he was found guilty of all charges. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officer who prepared it and the confidential testimony and documents found credible by the Hearing Officer provide substantial evidence supporting the determination of guilt (*see Matter of Matthews v Fischer*, 95 AD3d 1529 [2012]; *Matter of Sullivan v Fischer*, 95 AD3d 1514 [2012]). Although petitioner and his inmate witness denied that petitioner participated in the assault, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Cruz v Fischer*, 94 AD3d 1296, 1297 [2012]).

Moreover, we are unpersuaded by petitioner's procedural claims. The fact that the unusual incident report requested by petitioner was not completed until after his hearing began cannot be attributed to inadequate employee assistance (*see Matter of Maya v Goord*, 272 AD2d 724, 725 [2000], *lv denied* 96 NY2d 704 [2001]). In any event, inasmuch as the Hearing Officer read the relevant portions to petitioner at the hearing, no prejudice has been shown (*see Matter of Ortiz v Fischer*, 91 AD3d 1006

[2012]). Nor do we find that the Hearing Officer erred in denying witnesses who could not provide relevant or material proof (*see Matter of Burr v Fischer*, 95 AD3d 1538 [2012], *lv denied* 19 NY3d 811 [2012]). Lastly, our review of the record demonstrates that petitioner's guilt was premised upon the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of White v Fischer*, 95 AD3d 1582 [2012]; *Matter of Matthews v Fischer*, 95 AD3d at 1529).

We have examined petitioner's remaining claims, including his challenge to the denial of his request for the confidential informant's testimony, and find them to be unpersuasive.

Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.