In the Matter of DANIEL PROCOPIO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [954 NYS2d 696]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) four determinations which found petitioner guilty

of violating certain prison disciplinary rules and (2) a determination of respondent which withheld 19 months of petitioner's good time allowance.

Although petitioner challenged numerous prison disciplinary determinations in this CPLR article 78 proceeding, he limits his arguments here to one finding him guilty of violating the prison disciplinary rule prohibiting inmates from possessing a weapon. Petitioner asserts that he received inadequate employee assistance therein but, assuming any inadequacies existed, they were remedied by the Hearing Officer and did not lead to prejudice (*see Matter of Barnes v Bezio*, 86 AD3d 884, 885 [2011]). Further, while two requested inmate witnesses declined to testify, they specified in writing that they had no knowledge regarding the charge, and petitioner's right to call witnesses was accordingly protected (*see Matter of Tulloch v Fischer*, 90 AD3d 1370, 1371 [2011]; *Matter of Reynoso v Fischer*, 67 AD3d 1166 [2009], *appeal dismissed* 14 NY3d 767 [2010]). To the extent that the issue is properly before us, we further reject petitioner's claims that the Hearing Officer was biased or that the determination flowed therefrom (*see Matter of Colon v Fischer*, 98 AD3d 1176, 1177 [2012]; *Matter of Barnes v Bezio*, 86 AD3d at 885).

Petitioner also challenges a determination withholding a portion of his good time credit, which is a discretionary determination that will be upheld if made in accordance with law and based upon a review of an inmate's entire record (*see* Correction Law § 803 [1] [a]; *Matter of Reed v Fischer*, 54 AD3d 1088, 1088 [2008]). Respondent here rationally concluded that a withholding of good time was appropriate, inasmuch as the established weapons possession charge demonstrated a regression in petitioner's behavior that required further aggression replacement therapy (*see* Correction Law § 803 [1] [a]; *Matter of Torres v Durbray*, 64 AD3d 1027, 1027-1028 [2009], *lv denied* 13 NY3d 709 [2009]). Petitioner again attempts to show that he was denied effective employee assistance, but the record is devoid of proof that any claimed inadequacy prejudiced him given his disciplinary record (*see Matter of Brown v Napoli*, 62 AD3d 1106, 1107 [2009], *lv denied* 13 NY3d 706 [2009]).

Peters, P.J., Mercure, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.