In the Matter of KEITH POOLER, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 564]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 4, 2012 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner had been directed to report to a disciplinary hearing at a specified date and time. He did not report as instructed and the correction officer who was assigned to meet him located him in the yard playing chess. When the officer reminded petitioner that it was time to go to the hearing, petitioner became verbally abusive, used profanity and stated in a loud manner that he did not need an escort, all in the presence of approximately 75 other inmates who had by then turned their attention to this exchange. When petitioner finally got up to go to the hearing, he bumped the officer's shoulder and stated in a threatening manner, "you better back up." Petitioner proceeded to leave the area as ordered by the officer without further incident.

Petitioner was thereafter charged in a misbehavior report with refusing a direct order, being out of place, violating a facility movement regulation, creating a disturbance, interfering with an employee and making threats. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. Petitioner commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We affirm. Initially, we find no merit to petitioner's claim that the hearing was not timely completed within the requisite 14-day period (see 7 NYCRR 251-5.1 [b]) inasmuch as the Hearing Officer obtained proper extensions and concluded the hearing within the time authorized (see Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]; Matter of Linnen v Prack, 92 AD3d 986, 986 [2012], lv dismissed 20 NY3d 905 [2012]). Moreover, we are unpersuaded by petitioner's contention that he was denied adequate employee assistance given that the Hearing Officer remedied any deficiencies and petitioner has not demonstrated that he was prejudiced (see Matter of Procopio v Fischer, 100 AD3d 1292, 1293 [2012]; Matter of Reid v Fischer, 80 AD3d 1035, 1035 [2011]). Likewise, the record does not demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Smith v Prack, 98

AD3d 780, 781 [2012]; *Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]). We have considered petitioner's remaining arguments and find that they are either unpreserved for our review or are lacking in merit.

Rose, J.P., Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.