Appeal from a judgment of the Supreme Court (Melkonian, J.), entered May 8, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was found guilty of refusing a direct order and disobeying frisk procedures after a February 2012 rehearing* of *1309 a tier III prison disciplinary proceeding. In the course of the rehearing, the Hearing Officer had petitioner removed for being disruptive and, after petitioner refused the Hearing Officer’s subsequent invitation to return to the hearing room and participate, the rehearing was completed in petitioner’s absence. The resulting determination of guilt was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed petitioner’s application on the merits, and this appeal followed.
Initially, inasmuch as the record contains a factual basis supporting the Hearing Officer’s decision to remove petitioner from the disciplinary rehearing, we are unpersuaded that he was denied his “fundamental right to be present” (Matter of Barnes v Prack, 109 AD3d 1028, 1029 [2013]). Moreover, we reject petitioner’s claim that he did not knowingly, voluntarily or intelligently waive his right to attend the rehearing because he was not told that the hearing would continue in his absence. By refusing to return to the hearing that was nearing completion, petitioner forfeited his right to be present (see Matter of Weems v Fischer, 75 AD3d 681, 682 [2010], appeal dismissed 15 NY3d 917 [2010]). Accordingly, having refused to appear at the resumption of the rehearing, petitioner waived his challenge to any alleged procedural issues (see Matter of Abreu v Bezio, 84 AD3d 1596, 1596-1597 [2011], lv dismissed 17 NY3d 781 [2011], appeal dismissed 17 NY3d 915 [2011]). To the extent that they were preserved, petitioner’s remaining contentions have been examined and determined to be without merit.
Lahtinen, J.P, Garry, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner was originally found guilty of the subject charges following an April 20, 2011 tier III disciplinary hearing, however, that determination was *1309 annulled and a rehearing ordered as the result of a decision by Supreme Court (Teresi, J.) that petitioner’s right to view a videotape of the strip frisk was improperly denied.