*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                 518698
_____

In the Matter of MITCHELL
   KALWASINSKI,
                     Petitioner,

      v                                   MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
   Special Housing and Inmate
   Disciplinary Programs,
                     Respondent.
_____

Calendar Date:   September 16, 2014

Before:  Peters, P.J., Stein, McCarthy, Garry and Lynch, JJ.

                    _____


      Mitchell Kalwasinski, Alden, petitioner pro se.

      Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


      Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

      Petitioner, an inmate, was involved in an incident on July
12, 2013 in which he yelled at a facility nurse, made graphic
threats, remarks and gestures to her and a correction officer
while nude in his cell, and kicked the cell door, conduct which
continued after he was ordered to stop.  Petitioner was charged
in a misbehavior report with lewd conduct, making threats,
creating a disturbance, refusing a direct order and harassment.
About 90 minutes later, when the correction officer passed

petitioner's cell while making rounds, petitioner threatened to spit in his face and then spat several times on the cell window. As a result of that incident, petitioner was charged in a second misbehavior report with making threats and committing an unhygienic act. Following a tier III hearing that petitioner refused to attend or participate in, he was found guilty of all charges and a penalty, including six months in the special housing unit, was imposed. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior reports, which contain "factually specific account[s] of the incident[s]," including the exact words uttered and gestures made by petitioner, were authored by the correction officer who witnessed, and was an object of, the misconduct (Matter of Amaker v Selsky, 43 AD3d 547, 547 [2007], lv denied 9 NY3d 814 [2007]; see Matter of Hernandez v Goord, 37 AD3d 893, 894 [2007]). We find that they were, standing alone, "sufficiently relevant and probative" to constitute substantial evidence of the charged misconduct (Matter of Perez v Wilmot, 67 NY2d 615, 616 [1986]; see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]; Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]; Matter of Gillard v White, 79 AD3d 1466, 1467 [2010] Matter of Saunders v Goord, 49 AD3d 1000, 1000 [2008]). This is particularly so where petitioner refused to attend, answer the Hearing Officer's questions, present any evidence or request to question the witnesses (see Matter of Soto v Central Off. Review Comm. of the Dept. of Corrections & Community Supervision, 118 AD3d 1229, 1230 [2014]). Contrary to his contentions, the record reflects that the escort officer informed the Hearing Officer at the start of the hearing that petitioner had refused to attend; the Hearing Officer then personally went to petitioner's cell and spoke with him and advised him that the hearing would proceed and conclude in his absence, and petitioner told him that he did not wish to attend and refused to sign the refusal to attend form. Petitioner's refusal was documented in the refusal to attend form, signed by the Hearing Officer and another officer who witnessed the refusal. By refusing to attend the hearing, petitioner forfeited his right to be present and failed to preserve any procedural objections or defenses (see Matter of

Sowell v Fischer, 116 AD3d 1308, 1309 [2014], appeal dismissed 24 NY3d 933 [2014]; Matter of Abreu v Bezio, 84 AD3d 1596, 1596-1597 [2011], appeals dismissed 17 NY3d 781, 915 [2011]; Matter of McFadden v Dubray, 61 AD3d 1170, 1171 [2009]).  Petitioner's remaining contentions, including his claim that issues related to his mental health status (see 7 NYCRR 254.6 [b]) were insufficiently explored, have been examined and found to be without merit.

        Peters, P.J., Stein, McCarthy, Garry and Lynch, JJ., concur.

        ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court