*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    518938
_____

In the Matter of PATRICK
    GUILLORY,
                        Petitioner,

            v                                   MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Peters, P.J., Lahtinen, Garry and Egan Jr., JJ.

                    _____


        Patrick Guillory, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Greene County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        While an inmate was assaulting a correction officer,
another inmate encouraged a group of inmates to fight with staff
who were responding to the incident.  Petitioner was in the group
and attempted to push open a door in an effort to reach the area
and join in the altercation.  As a result, petitioner was charged
in a misbehavior report with inciting a riot, engaging in violent
conduct, being out of place, creating a disturbance and
interfering with an employee.  Following a tier III disciplinary
hearing, he was found guilty of the charges and the determination

was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, hearing testimony and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Welch v Fischer, 121 AD3d 1139, 1140 [2014]; Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]). Although petitioner maintained that the misbehavior report was prepared in retaliation for prior grievances and lawsuits that he had filed, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Soto v Central Off. Review Comm. of the Dept. of Corrections & Community Supervision, 118 AD3d 1229, 1230-1231 [2014]; Matter of Deleon v Prack, 111 AD3d 1204, 1205 [2013]). Moreover, we are not persuaded that petitioner was denied adequate employee assistance. The record discloses that petitioner met with his assistant who ascertained which witnesses agreed to testify. Although the assistant apparently did not obtain requested documents, the Hearing Officer remedied this deficiency by providing certain documents to petitioner at the hearing, and petitioner has not demonstrated that he was prejudiced (see Matter of Castillo v Fischer, 120 AD3d 1493 [2014]; Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]).[1] We have considered petitioner's remaining contentions, including his claim that he was improperly denied witnesses, and find them to be unavailing. Therefore, we find no reason to disturb the determination of guilt.

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.

---

[1] Although the Hearing Officer did not provide petitioner with all the requested documents, many were redundant to petitioner's own testimony concerning his retaliation defense.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court