*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    519555
_____

In the Matter of JAMES DONAH,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., McCarthy, Garry and Clark, JJ.

                    _____


          James Donah, Marcy, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.


                    _____



          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

          A correction officer unlocked the door to petitioner's cell
to allow him access to the shower.  A second officer followed
and, as that officer approached the cell, petitioner made direct
eye contact with him and forcefully threw open the door.  To
avoid being struck in the head and face, the officer raised his
arm to absorb the impact.  As a result of this incident,
petitioner was charged in a misbehavior report with assaulting
staff and engaging in violent conduct.  He was found guilty of

the charges following a tier III disciplinary hearing.   The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.   The misbehavior report, together with the testimony of the correction officer who prepared it and the related documentation, provide substantial evidence supporting the determination of guilt (see Matter of Payne v Corcimiglia, 98 AD3d 1175, 1175 [2012]; Matter of Cornelius v Fischer, 98 AD3d 779, 780 [2012]).   Petitioner's claims that the report was written in retaliation for prior grievances that he had filed, and that he hit the officer with the door by accident, presented credibility issues for the Hearing Officer to resolve (see Matter of Guillory v Fischer, 111 AD3d 1005, 1005 [2013]; Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]).   His remaining contentions have not been preserved for our review.

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court