*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519945
_____

In the Matter of JONATHAN
    RUSSO,
                     Petitioner,

           v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                     Respondent.
_____

Calendar Date:  May 5, 2015

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

_____

        Jonathan Russo, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Following a tier III disciplinary hearing, petitioner was
found guilty of assaulting staff, refusing a direct order,
violent conduct, interfering with an employee and refusing a
frisk procedure.  According to the misbehavior report, petitioner
was ordered to assume a pat-frisk position on the wall and, when
a correction officer asked if he had something in his mouth,
petitioner turned and punched the correction officer in the face.
The determination of guilt was affirmed upon administrative
appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, together with various reports and corroborating testimony from other correction officers, provide substantial evidence to support the determination of guilt (see Matter of Sital v Fischer, 73 AD3d 1348, 1348 [2010], lv denied 15 NY3d 707 [2010]). Petitioner's remaining contentions, including that the Hearing Officer should have assessed his mental health status, are raised for the first time "and this Court 'ha[s] no discretionary authority or interest of justice jurisdiction' to review unpreserved issues in such special proceedings" (Matter of Reed v Artus, 39 AD3d 1056, 1057 [2007], quoting Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).

McCarthy, J.P., Garry, Rose and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court