*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    520096
_____

In the Matter of ALBERT
    HARRIOTT,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____


Calendar Date:  June 8, 2015

Before:  Peters, P.J., McCarthy, Lynch and Devine, JJ.

                    _____


        Albert Harriott, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which found petitioner guilty of
violating a prison disciplinary rule.

        After a sample of his urine twice tested positive for the
presence of cannabinoids, petitioner was charged in a misbehavior
report with drug use.  He was found guilty of the charge
following a tier III disciplinary hearing, and the determination
was affirmed on administrative appeal.  Petitioner thereafter
commenced this CPLR article 78 proceeding.

We confirm.  The misbehavior report, hearing testimony of its author and positive urinalysis test results provide substantial evidence to support the determination of guilt (see Matter of Epps v Prack, 127 AD3d 1477, 1477 [2015]; Matter of Bussey v Commissioner of Corr. & Community Supervision, 120 AD3d 1471, 1472 [2014]).  Petitioner's claim that the report was written in retaliation for prior grievances and lawsuits that he had filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Donah v Prack, 127 AD3d 1538, 1538 [2015]; Matter of Guillory v Annucci, 125 AD3d 1024, 1024-1025 [2015], lv denied 25 NY3d 905 [2015]).

Finally, petitioner challenges the denial of a request for certain documents that he made pursuant to the Freedom of Information Law (see Public Officers Law art 6).  Inasmuch as there is no indication in the record that petitioner has exhausted his administration remedies with respect thereto, our review of the issue is precluded (see Matter of White v State of New York, 117 AD3d 1250, 1250-1251 [2014]).  Petitioner's remaining claims have been reviewed and found to be lacking in merit.

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court