*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                   520213
_____

In the Matter of CAMILLO
    DOUGLAS,
                    Appellant,

          v                                MEMORANDUM AND ORDER

COREY BEDARD, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____


Calendar Date:  October 27, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                    _____

        Camillo Douglas, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered November 12, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Commissioner of
Corrections and Community Supervision finding petitioner guilty
of violating certain prison disciplinary rules.

        Following a confidential investigation, petitioner was
charged in a misbehavior report with soliciting others to smuggle
contraband, violating package room procedures and violating
telephone program procedures.  Petitioner was found guilty of all
charges at the conclusion of a tier III disciplinary hearing and
that determination was administratively affirmed, with a

modification to the penalty imposed. Petitioner then commenced this CPLR article 78 proceeding, asserting, among other things, that he was denied the right to attend the disciplinary hearing. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record reflects that the Hearing Officer, after being informed of petitioner's refusal to attend the hearing or provide a reason why, met with petitioner and petitioner refused to attend the hearing, despite being informed that the hearing would proceed in his absence. The Hearing Officer and the correction officer who accompanied him to petitioner's cell executed a form documenting petitioner's refusal, which petitioner refused to sign. In view of the foregoing, petitioner's contention that he was improperly denied the right to attend the hearing is without merit (see Matter of Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 988 [2014]; Matter of Rouse v Fischer, 94 AD3d 1310, 1310 [2012]). Furthermore, petitioner's failure to attend the hearing renders any procedural challenges to the hearing unpreserved (see Matter of Abreu v Bezio, 84 AD3d 1596, 1596-1597 [2011], appeals dismissed 17 NY3d 781, 915 [2011]; Matter of Tafari v Selsky, 36 AD3d 982, 983 [2007], lv denied 8 NY3d 809 [2007]).

Peters, P.J., Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court