■ In the Matter of CHARLES WILLIAMS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [21 NYS3d 769]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

After a sample of his urine twice tested positive for THC, petitioner was charged in a misbehavior report with using drugs. Following a tier III disciplinary hearing, he was found guilty of the charge, and that determination was upheld upon administrative review with a modification to the penalty. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report and testimony of its author, who conducted the urinalysis testing, combined with

the positive test results and related documentation, provide substantial evidence to support the determination of guilt (*see Matter of Harriott v Annucci*, 131 AD3d 754, 754 [2015]; *Matter of Walker v Annucci*, 129 AD3d 1414, 1415 [2015]). Petitioner's contention that ibuprofen could have produced a false positive test result was refuted by the testimony of a technician from the manufacturer of the testing system (*see Matter of Williams v Prack*, 130 AD3d 1123, 1123-1124 [2015]). Given that testimony, the Hearing Officer did not err in refusing petitioner's request to call an unnamed doctor to testify on this issue (*see Matter of Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]). Likewise, he was not denied the opportunity to call as a witness an inmate who had been paroled (*see* 7 NYCRR 254.5). When petitioner initially indicated that he wanted to call this witness, the Hearing Officer stated that he would entertain that request after an adjournment to procure and review documents. Petitioner refused to attend the remainder of the hearing and his refusal form, which listed other witnesses he wanted called, did not request this witness. Therefore, we find that he failed to preserve this claim and waived any procedural objections (*see Matter of Kalwasinski v Prack*, 122 AD3d 990, 991 [2014]; *Matter of Rafi v Venettozzi*, 120 AD3d 1481, 1482 [2014]; *Matter of Abreu v Bezio*, 84 AD3d 1596, 1596-1597 [2011], *appeal dismissed* 17 NY3d 781, 915 [2011]).

Petitioner's claim that he was not provided with all of the documentary evidence to which he was entitled is unpersuasive, as the record reflects that multiple adjournments were taken that afforded ample opportunity to review the requested documents and drug testing manual (*see Matter of Davis v Prack*, 58 AD3d 977, 978 [2009]). With regard to petitioner's refusal to attend the hearing, the officer who advised him of his rights and of the consequences of failing to attend testified and the Hearing Officer observed, on the record, that petitioner appeared to understand the proceedings and exhibited no signs requiring a mental health assessment. Under these circumstances, the record contains no support for his claim that his refusal was attributable to mental health problems (*see* 7 NYCRR 254.6 [b]; *Matter of Russo v Annucci*, 130 AD3d 1124, 1124-1125 [2015]). Petitioner's remaining claims, to the extent that they are preserved, have been reviewed and determined to lack merit.

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.