*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521517
_____

In the Matter of KENNETH
    McMASTER,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

_____

        Kenneth McMaster, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
possessing excess stamps, gang-related material, facility
employees' personal information and contraband after a search of
his cell revealed 247 postage stamps, matches with strikers,
pages torn from a telephone book, sheets of paper containing
other inmates' personal information, an address book containing
the phone number and home address of a facility employee,
handwritten material containing gang-related references and two
packages containing a green leafy substance.  When the green

leafy substance later tested positive for marihuana, he was charged in a second misbehavior report with possessing marihuana. Following a tier III disciplinary hearing, he was found guilty of the charges and this determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports and related documentation, including the positive test results and the hearing testimony of the correction officers familiar with the incident, provide substantial evidence supporting the determination of guilt (see Matter of Williams v Annucci, 120 AD3d 1479, 1480 [2014], lv denied 24 NY3d 911 [2014]; Matter of Curry v Fischer, 113 AD3d 981, 982 [2014]). Petitioner's claim that the misbehavior reports were written in retaliation for prior grievances that he had filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Marino v Martuscello, 131 AD3d 749, 750 [2015], lv denied 26 NY3d 910 [2015]; Matter of Donah v Prack, 127 AD3d 1538, 1538 [2015]).

Turning to petitioner's procedural claims, we reject his contention that he was not given proper notice of the second misbehavior report. The record reflects that when petitioner advised the Hearing Officer that he had not received a copy of that report, the Hearing Officer provided him with a copy and the hearing was adjourned for two weeks in order to give him time to prepare a defense (see Matter of Boggs v Martuscello, 84 AD3d 1667, 1668 [2011]). Although petitioner also contends that he was denied adequate employee assistance, the Hearing Officer remedied any deficiencies and petitioner has not demonstrated that he was prejudiced (see Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]; Matter of Procopio v Fischer, 100 AD3d 1292, 1293 [2012]). Finally, contrary to petitioner's contention, he was not improperly denied the right to call certain inmate witnesses. Inasmuch as his requested inmate witnesses had not previously agreed to testify, the Hearing Officer's inquiry into the witnesses' refusals through the correction officers who obtained the refusals adequately protected petitioner's right to call witnesses (see Matter of Vansteenburg v State of N.Y. Dept. of Corrs. & Community Supervision, 128 AD3d 1295, 1296 [2015]; Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]). Petitioner's remaining claims,

including that the hearing was not timely commenced, have been considered and found to be without merit.

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court