## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 21, 2016          521747
_____

In the Matter of HECTOR LOPEZ,
                    Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Hector Lopez, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, refusing a direct order and destroying state property after allegedly engaging in a physical altercation with a fellow inmate.  Petitioner executed a waiver of his right to attend the tier II hearing.  The hearing proceeded in his absence, at the conclusion of which petitioner was found guilty of all charges.  Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, although there are gaps in the hearing transcript, meaningful review is not precluded (see Matter of Pilet v Annucci, 128 AD3d 1198, 1199 [2015]). To that end, the misbehavior report and testimony from its author who witnessed the fracas provide substantial evidence to support the determination of guilt (see Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of McLeod v Fischer, 122 AD3d 1037, 1037-1038 [2014]). Petitioner's contention that the hearing was improperly held in his absence given the Hearing Officer's failure to ascertain the basis for petitioner's execution of a waiver of appearance is not properly before this Court, as petitioner failed to preserve such issue by raising it in his administrative appeal (see Matter of Hamilton v Goord, 32 AD3d 642, 643 [2006], lv denied 7 NY3d 715 [2006]; Matter of Cayenne v Goord, 16 AD3d 782, 783 [2005]). Furthermore, petitioner's procedural challenges to the hearing are unpreserved due to his failure to attend the hearing (see Matter of Douglas v Bedard, 134 AD3d 1317, 1318 [2015]; Matter of Kalwasinski v Prack, 122 AD3d 990, 991 [2014]).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court