*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                522069
_____

In the Matter of WENDELL
    DANIELS,
                        Appellant,

        v

                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Aarons, JJ.

                    _____


        Wendell Daniels, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondent.


                    _____


        Appeal from a judgment of the Supreme Court (DeBow, J.),
entered September 14, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior
report with conspiring to bring drugs into the facility,
smuggling, making a prohibited three-way telephone call and
noncompliance with facility visiting procedures.  During the
course of an ensuing tier III disciplinary hearing, a Hearing
Officer adjourned those proceedings to, among other things,
obtain documents requested by petitioner.  When the hearing
resumed, petitioner refused to leave his cell and attend the

conclusion of the hearing; the hearing then continued in his absence resulting in a determination of guilt as to all charges. The determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding to challenge the determination.  Supreme Court dismissed the petition, and petitioner now appeals.

    We affirm.  Contrary to petitioner's contentions, we find no record evidence that he was deprived of his right to attend the disciplinary hearing or that he did not "knowingly, voluntarily or intelligently waive his right to attend the []hearing" (Matter of Sowell v Fischer, 116 AD3d 1308, 1309 [2014], appeal dismissed and lv denied 24 NY3d 933 [2014]; see Matter of Kalwasinski v Prack, 122 AD3d 990, 991 [2014]).  When the hearing resumed, the escorting officer testified that he had attempted to escort petitioner to the hearing and that petitioner refused to leave his cell, despite being advised that the hearing would proceed in his absence (see Matter of Kalwasinski v Prack, 122 AD3d at 991; Matter of Abreu v Bezio, 84 AD3d 1596, 1596 [2011], appeals dismissed 17 NY3d 781, 915 [2011]).  The escorting officer also executed an inmate exclusion form, which petitioner refused to sign, documenting petitioner's refusal to attend the hearing and informing him that the hearing would continue in his absence (see Matter of Douglas v Bedard, 134 AD3d 1317, 1317 [2015]; Matter of Kalwasinski v Prack, 122 AD3d at 991).  Based upon his failure to attend the disciplinary hearing, we further conclude that petitioner has failed to preserve any procedural challenges to the manner in which those hearings were conducted (see Matter of Douglas v Bedard, 134 AD3d at 1318; Matter of Abreu v Bezio, 84 AD3d at 1596).  Petitioner's remaining arguments have been examined and found to be without merit.

    Peters, P.J., McCarthy, Egan Jr., Rose and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court