## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 15, 2016                    522673
_____

In the Matter of RAMIEL HARRIS,
                    Petitioner,

     v

ANTHONY J. ANNUCCI, as Acting            MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        Ramiel Harris, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Brian
Ginsberg of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        During the course of an investigation, correction officers
discovered that petitioner was involved in a plan to bring drugs
and weapons into the correctional facility.  As a result,
petitioner was charged in two misbehavior reports with smuggling,
conspiring to bring drugs and weapons into the facility, making a
prohibited three-way telephone call and violating visitation and
correspondence procedures.  Following a tier III disciplinary
hearing, petitioner was found guilty as charged.  The
determination was upheld on administrative appeal with a modified
penalty, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, hearing testimony, documentary evidence and confidential information provide substantial evidence supporting the determination of guilt (see Matter of Welch v Fischer, 121 AD3d 1139, 1140 [2014]; Matter of Jones v Prack, 114 AD3d 985, 985 [2014]). Contrary to petitioner's contention, the Hearing Officer conducted an independent assessment of reliability of the confidential information by interviewing the investigating correction officer and reviewing the confidential information (see Matter of Al-Matin v Prack, 131 AD3d 1293, 1293 [2015], lv denied 26 NY3d 913 [2015]; Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]). Further, the fact that petitioner was never found in possession of weapons or drugs does not negate his guilt, inasmuch as the rule violations occurred when he conspired to bring the items into the facility (see 7 NYCRR 270.2 [B] [14] [i], [xv]; 270.3 [b]; Matter of Welch v Fischer, 121 AD3d at 1140; Matter of Sanders v LaClair, 67 AD3d 1226, 1227 [2009]).

Turning to petitioner's procedural arguments, we find that the misbehavior reports adequately apprised petitioner of the charges against him in order for him to prepare a defense (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Hobson v Prack, 127 AD3d 1370, 1371 [2015]). We reject petitioner's contention that he was denied effective employee assistance, as the Hearing Officer remedied any deficiencies and petitioner has not demonstrated any prejudice (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]; Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]). Moreover, petitioner's right to call the former facility superintendent as a witness was not violated, as the Hearing Officer properly determined that the witness was unavailable (see Matter of Alicea v Fischer, 89 AD3d 1245, 1246 [2011], lv denied 18 NY3d 807 [2012]; Matter of Lebron v Goord, 6 AD3d 997, 998 [2004]). Finally, the written authorization and the confidential testimony of the officer conducting the investigation establish a proper basis for the mail watch (see Matter of Davis v Prack, 100 AD3d 1177, 1178 [2012], lv dismissed 22 NY3d 910 [2013]; Matter of Cochran v Bezio, 70 AD3d 1161, 1162 [2010]). Petitioner's remaining claims are either unpreserved or lacking in merit.

Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court