Matter of Nelson v Annucci (2018 NY Slip Op 06611)





Matter of Nelson v Annucci


2018 NY Slip Op 06611


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

526454

[*1]In the Matter of the Claim of JEFFREY A. NELSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Jeffrey A. Nelson, Romulus, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding to challenge two tier III prison disciplinary determinations. The first tier III determination, dated April 4, 2017, found petitioner guilty of violating various disciplinary rules stemming from an altercation with another inmate. The second tier III determination, dated April 21, 2017, found petitioner guilty of lewd conduct.
Initially, the Attorney General has advised this Court that that the April 4, 2017 determination has been administratively reversed and all references thereto have been expunged from petitioner's institutional record. As petitioner has received all the relief to which he is entitled with regard to that determination, that part of the petition, challenging said determination must be dismissed as moot (see Matter of Weems v Fischer, 75 AD3d 681, 682 [2010], appeal dismissed 15 NY3d 917 [2010]; Matter of Hernandez v Smith, 52 AD3d 1134, 1134 [2008]).
With regard to the April 21, 2017 determination, we are unpersuaded by petitioner's contention that the record fails to sufficiently establish that he knowingly, voluntarily and intelligently refused to attend the hearing. "[A]n inmate has a fundamental right to be present at a disciplinary hearing, unless 'he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals'" (Matter of Barnes v Prack, 109 AD3d 1028, 1029 [2013], quoting 7 NYCRR 254.6 [a] [2]). Here, the record reflects that the Hearing Officer personally informed petitioner that, if he refused to attend the hearing, the hearing would proceed in his absence and a penalty could be imposed in the event of a guilty determination. The record further reflects that, in response to the Hearing Officer's inquiry, petitioner indicated that he had [*2]no witnesses or evidence to present. The Hearing Officer executed a form, which was witnessed by a correction officer, documenting petitioner's refusal to attend the hearing or sign the form. In view of the foregoing, petitioner's contention that he was improperly denied the right to attend the hearing is without merit (see Matter of Douglas v Bedard, 134 AD3d 1317, 1317 [2015]; Matter of Kalwasinski v Prack, 122 AD3d 990, 990-991 [2014]; compare Matter of Wilson v Annucci, 148 AD3d 1281, 1283 [2017]). To the extent that petitioner raises any procedural irregularities with regard to calling witnesses, such issue is unpreserved due to petitioner's failure to attend the hearing (see Matter of Kalwasinski v Prack, 122 AD3d at 991; Matter of McFadden v Dubray, 61 AD3d 1170, 1171 [2009]).
Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the portion of the petition challenging the determination dated April 4, 2017 is dismissed, as moot, without costs.
ADJUDGED that the determination dated April 21, 2017 is confirmed, without costs, and petition dismissed to that extent.