Matter of Bouknight v Annucci (2020 NY Slip Op 01683)





Matter of Bouknight v Annucci


2020 NY Slip Op 01683


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

528659

[*1]In the Matter of Vincent Bouknight, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 7, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Vincent Bouknight, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was observed fighting with another inmate and was charged in a misbehavior report with fighting, engaging in violent conduct, creating a disturbance and refusing direct orders. Following the altercation, petitioner was interviewed in the facility clinic at which point he spat on a sergeant and also a correction officer, requiring application of a spit net and prompting a second misbehavior report charging petitioner with committing an unhygienic act. Petitioner was subsequently charged in a third misbehavior report with possessing a weapon after an investigation of the incident led to the discovery of a cutting instrument where the fight had occurred that petitioner had used on the other inmate involved in the altercation. At the ensuing combined tier III prison disciplinary hearing, petitioner pleaded not guilty to committing an unhygienic act and possessing a weapon and guilty to the remaining charges. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of committing an unhygienic act and possessing a weapon, as well as the four remaining charges to which he pleaded guilty. Upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. Petitioner's plea of guilty to the charges of fighting, engaging in violent conduct, creating a disturbance and refusing direct orders precludes him from now challenging the evidentiary basis for those charges (see Matter of Burroughs v Annucci, 164 AD3d 1558, 1559 [2018]; Matter of Reeves v Annucci, 157 AD3d 1180, 1181 [2018]). As to the remaining charges, the misbehavior reports, hearing testimony and documentary evidence, including the confidential testimony and information considered by the Hearing Officer in camera, provide substantial evidence to support the determination of guilt (see Matter of Townsend v Noeth, 170 AD3d 1353, 1353 [2019]; Matter of Kalwasinski v Prack, 122 AD3d 990, 990 [2014]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]). Petitioner's contention that he did not possess the weapon is belied by the discovery of the folded can lid found in the area of the incident and the documented injuries of the other inmate (see Matter of Townsend v Noeth, 170 AD3d at 1353). In any event, petitioner's claim that he did not possess the weapon that was found at the location of the altercation raised a credibility issue for the Hearing Officer to resolve (see id.; Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]).
Contrary to petitioner's contention, we find no record evidence that he was deprived of his right to attend the disciplinary hearing or that he did not knowingly, voluntarily or intelligently waive his right to attend the hearing (see Matter of Daniels v Annucci, 142 AD3d 1207, 1208 [2016]; Matter of Sowell v Fischer, 116 AD3d 1308, 1309 [2014], appeal dismissed and lv denied 24 NY3d 933 [2014]). The record reflects that, on the fourth day of the hearing, an escorting officer testified that he attempted to escort petitioner to the hearing and petitioner refused to leave his cell, despite being advised that the hearing would proceed in his absence and that he could incur a penalty if found guilty. The escorting officer, along with another correction officer, also executed an inmate refusal form, which petitioner refused to sign, documenting petitioner's refusal to attend the hearing and informing him that the hearing would continue in his absence and that a penalty may be imposed (see Matter of Douglas v Bedard, 134 AD3d 1317, 1317 [2015]). "By refusing to return to the hearing that was nearing completion, petitioner forfeited his right to be present" (Matter of Kalwasinski v Prack, 122 AD3d 990, 991 [2014] [citations omitted]; accord Matter of Brown v Venettozzi, 162 AD3d 1434, 1436 [2018]). To the extent that petitioner's remaining claims are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.