Matter of Kennedy v Annucci (2020 NY Slip Op 04362)





Matter of Kennedy v Annucci


2020 NY Slip Op 04362


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

530669

[*1]In the Matter of Ladale Kennedy, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Ladale Kennedy, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While conducting morning rounds, a correction officer approached petitioner's cell at which point petitioner used a cup to throw a liquid, smelling of feces, at the officer, striking him and covering him with the brown particulate matter. As a result of this incident, petitioner was charged in a misbehavior report with committing an unhygienic act and assaulting staff. Minutes later, while the area was being secured, petitioner threw a liquid substance smelling of feces on another correction officer, resulting in petitioner being charged in a second misbehavior report with committing an unhygienic act and assaulting staff. Soon thereafter, a third correction officer attempted to move petitioner to another cell and restrain petitioner, but petitioner became noncompliant, pushing back against the officer, refusing multiple direct orders to continue walking and attempting to run once he arrived in the new cell. During the ensuing effort to restrain petitioner, the officer sustained injuries to his hand and thumb. As a result of petitioner's actions, he was charged in a third misbehavior report with assaulting staff, refusing a direct order, creating a disturbance, engaging in violent conduct and interfering with staff. Following a combined tier III disciplinary hearing on all three misbehavior reports, petitioner was found guilty of the charges. Upon administrative review, the determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports, hearing testimony and confidential photographs submitted for in camera review provide substantial evidence to support the determination of guilt (see Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1332-1333 [2018]; Matter of Lashway v Fischer, 110 AD3d 1420, 1420 [2013]). Petitioner's contention that the misbehavior reports were fabricated and written in retaliation for prior grievances that he allegedly filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Jackson v Annucci, 173 AD3d 1581, 1582 [2019]; Matter of Dawes v Annucci, 171 AD3d 1365, 1367 [2019]).
Contrary to petitioner's contention, we find no record evidence that he was deprived of his right to attend the disciplinary hearing or that he did not knowingly, voluntarily or intelligently waive his right to attend the hearing (see Matter of Daniels v Annucci, 142 AD3d 1207, 1208 [2016]; Matter of Sowell v Fischer, 116 AD3d 1308, 1309 [2014], appeal dismissed and lv denied 24 NY3d 933 [2014]). The record reflects that, on the second day of the hearing, an escorting officer testified that he attempted to escort petitioner to the hearing and petitioner refused to leave his cell, despite being advised that the hearing would proceed in his absence and that he could incur a penalty if found guilty. Two additional correction officers, who witnessed petitioner's refusal to attend the hearing, also executed an inmate refusal form, which petitioner refused to sign, documenting petitioner's refusal to attend the hearing and informing him that the hearing would continue in his absence and that a penalty may be imposed (see Matter of Bouknight v Annucci, 181 AD3d at 1080; Matter of Douglas v Bedard, 134 AD3d 1317, 1317 [2015]). "By refusing to return to the hearing that was nearing completion, petitioner forfeited his right to be present" (Matter of Brown v Venettozzi, 162 AD3d 1434, 1436 [2018] [internal quotation marks and citations omitted]; accord Matter of Bouknight v Annucci, 181 AD3d at 1080). To the extent that petitioner's remaining claims are properly before us, they have been considered and found to be without merit.
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.