Matter of Black v Annucci (2021 NY Slip Op 05053)





Matter of Black v Annucci


2021 NY Slip Op 05053


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

531907
[*1]In the Matter of Jamel Black, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ.

Jamel Black, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, assault, violent conduct, possessing a weapon, creating a disturbance, possessing an altered item and smuggling. According to the report, a correction officer observed petitioner exchanging closed fist punches with another incarcerated individual, and the officer gave several orders for them to stop fighting before they complied. After the altercation, a search of the area in proximity to petitioner revealed two toothbrushes with rubber band handles, each of which were sharpened to a point at one end with a piece of sharpened metal melted into the tip. The other incarcerated individual involved in the altercation sustained a puncture wound that could be caused by the weapons that were discovered near petitioner. Upon frisking petitioner, correction officers also discovered petitioner to be in possession of paper items that were improvised into body armor and attached to his torso using clothesline cord. Following a tier III disciplinary hearing, petitioner was found not guilty of possessing an altered item and found guilty of assault, violent conduct, possessing a weapon, creating a disturbance and smuggling.[FN1] The determination was subsequently affirmed on administrative review, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Bouknight v Annucci, 181 AD3d 1079, 1079-1080 [2020]; Matter of Townsend v Noeth, 170 AD3d 1353, 1353 [2019]; Matter of Warren v Fischer, 63 AD3d 1466, 1467 [2009]; Matter of Dozier v Selsky, 54 AD3d 1074, 1075 [2008]). Petitioner's contention that he did not possess the two weapons is belied by the discovery of these items near petitioner and the documented injuries of the other incarcerated individual (see Matter of Bouknight v Annucci, 181 AD3d at 1080; Matter of Townsend v Noeth, 170 AD3d at 1353). In any event, petitioner's claim that he did not possess the weapons that were found at the location of the altercation, as well as his exculpatory statements and denial of his involvement in the incident, raised a credibility issue for the Hearing Officer to resolve (see Matter of Bouknight, 181 AD3d at 1080; Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]; Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]).
Turning to petitioner's procedural claims, we are unpersuaded by petitioner's contention that the hearing was not completed in a timely manner because two extensions were allegedly not obtained until the day after the previous extension expired. "The regulatory time requirements are directory, not mandatory, [*2]and petitioner has not demonstrated that he was prejudiced by the short delay in obtaining the extension" (Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019] [citations omitted]; see Matter of Lopez v Annucci, 171 AD3d 1326, 1327 [2019]; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). Contrary to petitioner's additional contention, there was nothing inconsistent about finding him not guilty of possessing an altered item but guilty of the remaining charges (see generally Matter of Patterson v Senkowski, 203 AD2d 840, 840 [1994]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner was charged in the misbehavior report with fighting, that charge was not adjudicated at the hearing or listed in the written hearing disposition.