■ In the Matter of MIGUEL DE FREITAS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [734 NYS2d 745] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating a prison disciplinary rule prohibiting the possession of narcotics. According to the unusual incident report, petitioner was the addressee of a package that contained 93 grams of marihuana secreted in a soup can. This discovery gave rise to a search of petitioner's cell where correction officers found two hand-rolled marihuana cigarettes and 3.5 grams of loose marihuana. Petitioner was observing the cell search when the marihuana cigarettes were found; however, he was not present for the remainder of the search, having been taken for questioning by State Police about the marihuana that had come in the mail.

The evidence presented at petitioner's disciplinary hearing included the unusual incident report, the misbehavior report and the testimony given by the correction officer who authored the report after he had conducted the search of petitioner's

cell. Also in evidence were the results of the laboratory tests that were positive for the presence of marihuana. This was sufficient to constitute the requisite substantial evidence of petitioner's guilt of the charged misconduct (*see, Matter of Rosario v Selsky*, 266 AD2d 656; *Matter of Parker v Laundree*, 234 AD2d 727).

Petitioner contends that the determination must be annulled because he was not present throughout the entire search of his cell. While it is true that under certain circumstances, the failure to permit an inmate to observe a cell search will require the dismissal of any resulting disciplinary charges (*see, Matter of Gonzalez v Wronski*, 247 AD2d 767; *Matter of Llull v Coombe*, 238 AD2d 761, 762, *lv denied* 90 NY2d 804), this did not occur in the matter under review. Petitioner observed the first part of the cell frisk and was present at the time when the two marihuana cigarettes were found; hence, as to this contraband, his right to be present was not violated and the charge of drug possession is sustainable. Petitioner's remaining contentions, including his assertion of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.