■ In the Matter of GREGORY SMITH, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Respondent. [742 NYS2d 677] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized possession of a controlled substance. The misbehavior report related that a search of petitioner's single-occupancy cell turned up a green leafy substance, identified by subsequent laboratory testing as marihuana. At the ensuing disciplinary hearing, the misbehavior report was admitted in evidence as were documentation of the positive NIK test results and the testimony of the two correction officers who conducted the search of petitioner's cell. The first officer testified that he found a green leafy substance inside the collar of a jacket in petitioner's cell. The second officer testified that he conducted a NIK test on the substance, the

results of which were positive for the presence of marihuana. First, we reject petitioner's assertion that he was denied adequate employee assistance inasmuch as he has failed to demonstrate that the alleged inadequacies in any way prejudiced his defense (*see, Matter of Greene v Coombe*, 242 AD2d 796, *lv denied* 91 NY2d 803). Second, the misbehavior report, the testimony of the officers and the documentation of the NIK test results, identifying the substance found in petitioner's cell as marihuana, were sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Brown v Senkowski*, 290 AD2d 906; *Matter of Laureano v Senkowski*, 277 AD2d 613).

Petitioner's assertion that he was denied the right to be present during the entire search of his cell is belied by the testimony given by the correction officers. They averred that petitioner was permitted to observe the search from the doorway of his cell and that after the marihuana was found, he left the area at his own request. The record supports the finding that petitioner was present and observing the search when the marihuana was found; hence, as to this contraband, his right to be present was not violated (*see, Matter of De Freitas v Goord*, 290 AD2d 626). To the extent that petitioner's testimony as to his whereabouts during the cell search was contrary to that of the correction officers, this presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Brown v Senkowski, supra*). The remaining contentions raised herein, including petitioner's assertions that various alleged procedural errors were prejudicial to his case, have been examined and found to be without merit.

Mercure, J.P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.