■ In the Matter of JASON MACHICOTE, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [928 NYS2d 382]—

After petitioner, a prison inmate, was observed acting furtively and drinking a large quantity of water during a visit with family, he was placed on contraband watch. Thereafter, a search of petitioner's feces revealed pieces of balloon and cellophane and he was charged in a misbehavior report with possessing narcotic paraphernalia and contraband, smuggling and violating visiting procedures. Petitioner was found guilty of all charges following a tier III disciplinary hearing and that determination was affirmed administratively. He then commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, supporting documentation, pictures of the items found pursuant to the search and testimony of the correction officers involved provide substantial evidence to support the determination of guilt (*see Matter of Hayes v Fischer*, 78 AD3d 1396, 1396-1397 [2010];

*Matter of Tafari v Selsky*, 77 AD3d 991, 991 [2010], *lv denied* 16 NY3d 706 [2011]). Petitioner's denials and the affidavit from his prisoner witness raised credibility issues for the Hearing Officer to resolve (*see Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]; *Matter of Lovett v Smith*, 80 AD3d 1039, 1040 [2011]).

Turning to petitioner's procedural contentions, we find no support for his allegation that significant portions of the hearing were not recorded. Although there were minor gaps in the transcript, they do not prevent meaningful review (*see Matter of Weems v Fischer*, 82 AD3d 1454, 1456 [2011]; *Matter of Anthony v Fischer*, 81 AD3d 1027, 1028 [2011]). Petitioner's claim that he received inadequate assistance based on his assistant's alleged failure to locate inmates who were under watch at the same time is unpreserved for our review by his failure to note that request on his assistant form or bring the issue to light during the hearing (*see Matter of Tafari v Selsky*, 77 AD3d 992, 992-993 [2010], *lv dismissed* 16 NY3d 783 [2011]). Finally, our review of the record demonstrates that the determination of guilt was founded upon the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Weems v Fischer*, 82 AD3d at 1456; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.