■ In the Matter of MARK COLEMAN, Petitioner, v MICHAEL CAPRA, Superintendent, Sing Sing Correctional Facility, Respondent. [995 NYS2d 143]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Corrections and Community Supervision, dated March 11, 2013, which, after a hearing, determined that the petitioner had violated a prison disciplinary rule and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the challenged determination is supported by substantial evidence, including a written misbehavior report (*see Matter of Bryant v Coughlin*, 77 NY2d 642, 647 [1991]) and the petitioner's own admissions in his hearing testimony. Moreover, the determination finding the petitioner not guilty of one charge and guilty of another was not inconsistent, since the charges possessed different elements and did not stand or fall together.

We find unpersuasive the petitioner's assertion that his receipt of both a reprimand and periods of keeplock and loss of certain privileges for the same conduct violated double jeopardy principles and the regulations of the Department of Corrections and Community Supervision (hereinafter DOCCS). The prison disciplinary sanctions imposed in this case do not implicate double jeopardy concerns (*see People v Vasquez*, 89 NY2d 521, 532-533 [1997]; *Matter of De Grijze v Selsky*, 305 AD2d 761, 762 [2003]). Moreover, the language of 7 NYCRR 251-1.5, upon which the petitioner relies, does not prohibit a DOCCS employee from both issuing a reprimand to an inmate for misconduct and reporting the same misconduct for additional disciplinary action.

Accordingly, the determination should be confirmed, the petition denied, and the proceeding dismissed on the merits. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.