*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                521365
_____

In the Matter of MICHAEL
    SPIRLES,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

LIEUTENANT J. LARAMAY, as
    Acting Captain 102,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Michael Spirles, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Five Points Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with possession of contraband after a search of his cell uncovered rosary beads with a metal cross wrapped in clothing and four small pieces of magnet stuck to the wall anchor bolts above petitioner's bunk.  Following a tier II disciplinary hearing, petitioner was found guilty as charged and that determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  Substantial evidence in the record, including the misbehavior report, petitioner's property intake sheet and testimony at the hearing, supports the determination that the items discovered in petitioner's cell were contraband (see Matter of Machicote v Bezio, 87 AD3d 763, 763 [2011]).  Further, with respect to the rosary beads, the record establishes that the beads failed to comply with the Department of Corrections and Community Supervision directive specifying the types of rosary beads permitted within the facility (see Dept of Corr & Community Supervision Directive No. 4202 [XIV] [B]).  Petitioner's exculpatory explanation for the items being in his cell presented a credibility issue for the Hearing Officer to resolve (see Matter of Mercer v James, 98 AD3d 1174, 1175 [2012]; Matter of Machicote v Bezio, 87 AD3d at 764).  Petitioner's remaining contentions, including that the Hearing Officer was biased, were not raised at the hearing or on administrative appeal and, therefore, are unpreserved for our review (see Matter of Peoples v Selsky, 33 AD3d 1179, 1180 [2006]).

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court