*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                  522113
_____

In the Matter of ALEX M. VEGA,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting                  MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   September 20, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Devine and Clark, JJ.

_____

        Alex M. Vega, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with possession of an altered item and possession of a weapon after a search of his cell uncovered a folded can lid with a taped handle hidden in the cell's upper door track.  According to the misbehavior report, the weapon was accessible from inside petitioner's cell.  Following a tier III disciplinary hearing, petitioner was found guilty of both charges.  That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Even though the weapon was accessible from outside petitioner's cell, it was nevertheless found in an area within petitioner's control, giving rise to an inference that the weapon belonged to him (see Matter of Jimenez v Fischer, 87 AD3d 771, 771 [2011]; Matter of McEwen v Goord, 32 AD3d 1116, 1117 [2006]). This inference, together with the misbehavior report and hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of McEwen v Goord, 32 AD3d at 1117; Matter of Caldwell v Coughlin, 148 AD2d 905, 905 [1989]). To the extent that petitioner challenges the reliability of the confidential information that prompted the search of his cell, the determination of guilt was based upon the discovery of the weapon, rendering the confidential information inconsequential (see e.g. Matter of Shufelt v Annucci, 138 AD3d 1336, 1337-1338 [2016]; Matter of Lacey v Annucci, 138 AD3d 1329, 1330 [2016]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Egan Jr., J.P., Lynch, Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court