## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   February 2, 2017                    523049

_____

In the Matter of ANDRE KIRBY,
                    Petitioner,

       v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.

_____

Calendar Date:   November 29, 2016

Before:   Garry, J.P., Lynch, Rose, Clark and Mulvey, JJ.

_____

       Andre Kirby, Elmira, petitioner pro se.

       Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

       Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

       Petitioner was charged in a misbehavior report with smuggling and possessing drugs after a search of his cell uncovered a small bundle of a green leafy substance and a balloon containing a green leafy substance wrapped in cellophane and hidden inside a sock in petitioner's locker, which later tested positive for marihuana.  Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that the charge of smuggling is not supported by substantial evidence. Accordingly, we annul that portion of the determination. Given that no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see Matter of McBride v Annucci, 142 AD3d 1218, 1218-1219 [2016]). As to the remaining charge of drug possession, the misbehavior report, related documentary evidence, including the positive drug test results, hearing testimony and confidential information, as well as the inferences to be drawn therefrom, provide substantial evidence to support the determination of guilt (see Matter of Kaid v Prack, 140 AD3d 1511, 1511 [2016]; Matter of Miller v Annucci, 131 AD3d 1304, 1305 [2015]). Petitioner's assertion that the marihuana was planted by a correction officer presented a credibility issue, which the Hearing Officer resolved against him (see Matter of Giano v Prack, 138 AD3d 1285, 1285-1286 [2016], lv denied 27 NY3d 912 [2016]; Matter of Williams v Annucci, 120 AD3d 1479, 1480 [2014], lv denied 24 NY3d 911 [2014]).

Further, we are unpersuaded by petitioner's contention that he was improperly excluded from being present during the entire search of his cell. "Department of Corrections and Community Supervision Directive No. 4910 (V) (c) (1) allows an inmate to observe a cell search when the inmate is removed from the cell for the search, unless a determination is rendered that such presence constitutes a safety or security risk" (Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]). The record establishes that petitioner was initially removed from his cell based upon confidential information that he would pose a security risk. Once it was determined that petitioner would not pose a safety or security risk, he was permitted – shortly after the search began and prior to the discovery of the marihuana – to return to his cell to observe the search (see e.g. Matter of Carelock v Annucci, 138 AD3d 1336, 1336 [2016]; Matter of De Freitas v Goord, 290 AD2d 626, 627 [2002]; Matter of Mitchell v Goord, 266 AD2d 614, 615 [1999]; compare Matter of Mingo v Chappius, 106 AD3d 1160, 1160-1161 [2013]; Matter of McKethan v Selsky, 297 AD2d 840, 841 [2002]). Under these circumstances, we do not find that petitioner was improperly denied the right to observe the search of his cell.

-3-                              523049

Garry, J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.


        ADJUDGED that the determination is modified, without costs,
by annulling so much thereof as found petitioner guilty of
smuggling; petition granted to that extent and respondent is
directed to expunge all references to this charge from
petitioner's institutional record; and, as so modified,
confirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court