Matter of Haigler v Lilley (2019 NY Slip Op 05258)





Matter of Haigler v Lilley


2019 NY Slip Op 05258


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528234

[*1]In the Matter of ROBERT HAIGLER, Petitioner,
v
LYNN J. LILLEY, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date: May 24, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Robert Haigler, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Robyn P. Ryan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with violating five prison disciplinary rules, including possession of contraband, after he was observed wearing a pair of name-brand sneakers that are not permitted. Following a tier II disciplinary hearing, petitioner was found guilty of the contraband charge and not guilty of the remaining charges, and a penalty was imposed. The determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, testimony of its author and petitioner's admission that he possessed the sneakers provided substantial evidence supporting the sustained charge (see Matter of Diaz v Lee, 171 AD3d 1382, 1382-1383 [2019]). Petitioner's assertion that he was unaware that the sneakers constituted contraband did not absolve him of guilt and, at most, created a credibility issue for the Hearing Officer to resolve (see Matter of Kelly v Department of Correctional Servs., 75 AD3d 672, 673 [2010]; Matter of McCollum v Fischer, 61 AD3d 1194, 1194 [2009], lv denied 13 NY3d 703 [2009]). Likewise, his claim that he brought the sneakers from his prior facility, which was contradicted by the documentary evidence, presented a credibility issue for the Hearing Officer to resolve and did not undermine the finding that the sneakers were not permitted at this facility (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]). Petitioner's contentions that the sneakers were not accurately described in the misbehavior report and that he requested the testimony of a correction officer who searched his personal property bag upon arrival to the facility are unpreserved, as they were not raised at the hearing or on his administrative appeal (see Matter of Davis v Lempke, 148 AD3d 1366, [*2]1367 [2017]; Matter of Spirles v Laramay, 137 AD3d 1400, 1400 [2016], lv denied 27 NY3d 907 [2016]). His remaining claims have been considered and, to the extent they are preserved, have been found to lack merit.
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.