Matter of Spencer v Annucci (2021 NY Slip Op 00475)





Matter of Spencer v Annucci


2021 NY Slip Op 00475


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

531097

[*1]In the Matter of Devante Spencer, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Devante Spencer, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon after a flat metal shank was uncovered in the cell track during a search of his cell. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. Contrary to petitioner's contention, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [2020]; Matter of Vega v Annucci, 144 AD3d 1279, 1280 [2016]). Whether the cell was searched prior to petitioner being housed in that cell does not negate the inference that he possessed the weapon given that petitioner had been in the cell for approximately 21 days and "it was his own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019] [internal quotation marks and citation omitted]; see Matter of Miller v Venettozzi, 149 AD3d 1451, 1451 [2017]). Furthermore, petitioner's contention that he was unaware that the weapon was there created a credibility issue for the Hearing Officer to resolve (see Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]).
We are unpersuaded by petitioner's contention that the right to be present during the search of his cell was violated. The record establishes that petitioner was present when the correction officer who conducted the search discovered the weapon in the cell track (see Matter of Torres v Annucci, 167 AD3d 1191, 1192 [2018]; Matter of Smith v Selsky, 294 AD2d 629, 630 [2002]; Matter of De Freitas v Goord, 290 AD2d 626, 627 [2002]). To the extent that petitioner denied that he was informed that a weapon had been found prior to being removed, this created a credibility issue for the Hearing Officer to resolve (see Matter of Torres v Annucci, 167 AD3d at 1192). We have reviewed petitioner's remaining contentions, including that he received inadequate employee assistance and was improperly denied the right to call a witness, and find them to be without merit.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.