Matter of DeJesus v Mayes (2021 NY Slip Op 04530)





Matter of DeJesus v Mayes


2021 NY Slip Op 04530


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532829
[*1]In the Matter of Roberto DeJesus, Petitioner,
v
R. Mayes, as Hearing Officer, et al., Respondents.

Calendar Date:June 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Roberto DeJesus, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
A search of petitioner's prison cell revealed a commercially manufactured folding knife with a three-inch blade, which had been wrapped in, among other things, white toilet paper and hidden inside of a laundry detergent box located on top of a light fixture. As a result, petitioner was charged in a misbehavior report with possessing a weapon and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon but not guilty of smuggling. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and documentary evidence provide substantial evidence supporting the determination of guilt (see Matter of Douglas v Annucci, 155 AD3d 1216, 1216-1217 [2017]; Matter of Davey v Annucci, 153 AD3d 992, 993 [2017]; Matter of Sparks v Annucci, 144 AD3d 1352, 1352-1353 [2016]). Petitioner's exculpatory claim that the weapon found in his cell did not belong to him, as well as his claim that the misbehavior report was retaliatory, presented credibility issues for the Hearing Officer to resolve (see Matter of Liggins v New York State Dept. of Corr. & Community Supervision, 170 AD3d 1356, 1356-1357 [2019], lv denied 34 NY3d 902 [2019]; Matter of Davey v Annucci, 153 AD3d at 993; Matter of Cruz v Annucci, 152 AD3d 1100, 1101 [2017]).
Turning to petitioner's remaining contentions, we are unpersuaded by petitioner's claim that his right to be present during the search of his cell was violated. The record establishes that petitioner was present when the correction officer who conducted the search discovered the weapon in his cell (see Matter of Spencer v Annucci, 190 AD3d 1247, 1247 [2021]; Matter of Torres v Annucci, 167 AD3d 1191, 1192 [2018]; Matter of Smith v Selsky, 294 AD2d 629, 630 [2002]). Moreover, contrary to his contention, the record establishes that petitioner received all of the relevant and available documents that he requested and to which he was entitled (see Matter of Farrington v Annucci, 148 AD3d 1810, 1811 [2017]; Matter of Cliff v Selsky, 293 AD2d 885, 885-886 [2002]). Finally, we are unpersuaded by petitioner's contention that the Hearing Officer was biased, as the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer (see e.g. Matter of Torres v Annucci, 167 AD3d at 1192). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs[*2], and petition dismissed.