Matter of Gonzalez v Annucci (2021 NY Slip Op 06128)





Matter of Gonzalez v Annucci


2021 NY Slip Op 06128


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

532919
[*1]In the Matter of Alberto Gonzalez, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Prisoners' Legal Services of New York, Ithaca (Hallie E. Mitnick of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with attempted arson, refusing a direct order, assaulting staff, violent conduct, possessing a weapon and committing an unhygienic act. According to the report and other documentation, petitioner became agitated after his cell was searched and he tied his cell gate shut with an electrical cord. Petitioner then refused an order to untie the cord and he tried to light a pile of papers and clothing on fire. A correction officer then attempted to remove the cord and petitioner tried to stab him with a pen. Petitioner was then pepper sprayed and he refused orders to allow himself to be restrained. Correction officers then entered the cell and petitioner stabbed one in the elbow with the pen. Force was used and mechanical restraints were eventually applied. While being escorted to the infirmary, petitioner spit bloody saliva on a correction officer. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to refusing a direct order and not guilty to the other charges. Following the hearing, petitioner was found not guilty of attempted arson but guilty of the remaining charges. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. Initially, petitioner's guilty plea to refusing a direct order precludes him from challenging the evidentiary basis for that charge (see Matter of Lewis v State of N.Y. Dept. of Corr. & Community Supervision, 193 AD3d 1160, 1161 [2021]; Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]). As to the remaining charges, the misbehavior report, hearing testimony and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of DeJesus v Mayes, 196 AD3d 992, 992 [2021]; Matter of Spencer v Annucci, 190 AD3d 1247, 1248 [2021]). Petitioner's contrary version of the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [2020], lv denied 37 NY3d 905 [2021]; Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lv denied 33 NY3d 908 [2019], lv dismissed 33 NY3d 1048 [2019]). We further reject petitioner's contention that the finding of not guilty of attempted arson compelled a similar finding on the remaining charges (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]; Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]; Matter of Coleman v Capra, 121 AD3d 979, 979 [2014]). Petitioner's remaining contentions, to the extent not addressed herein, have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition [*2]dismissed.