Matter of Legette v Rodriguez (2023 NY Slip Op 00711)

Matter of Legette v Rodriguez

2023 NY Slip Op 00711

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

535428
[*1]In the Matter of Tyahnjaii Legette, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:January 6, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Tyahnjaii Legette, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon and smuggling. According to the misbehavior report, when petitioner exited his cell to allow a cell search, a correction officer observed petitioner remove his hand from his pocket and drop an object on the floor, which was later identified as a nonmetallic ceramic razor blade weapon. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon and not guilty of the remaining charge. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
We confirm. Contrary to petitioner's contention, the misbehavior report, supporting documentation and testimony at the hearing provided substantial evidence to support the determination of guilt (see Matter of Ramos v Annucci, 203 AD3d 1370, 1370 [3d Dept 2022]; Matter of DeJesus v Mayes, 196 AD3d 992, 992 [3d Dept 2021]). Any alleged inconsistencies in the testimony of the correction officers regarding the search of petitioner's cell presented a credibility issue for the Hearing Officer to resolve (see Matter of Lightner v Venettozzi, 197 AD3d 1448, 1449 [3d Dept 2021]). Petitioner's assertion that the Hearing Officer failed to assess the confidential information that led to the search of his cell is not preserved as petitioner failed to raise this issue at the hearing (see Matter of Matthews v Annucci, 162 AD3d 1432, 1434 [3d Dept 2018]). In any event, no confidential information was relied on by the Hearing Officer in reaching the determination (see Matter of Rodari v Venettozzi, 186 AD3d 1860, 1861 [3d Dept 2020]) and any information that prompted the search of petitioner's cell was irrelevant to whether he possessed a weapon (see Matter of Wright v Annucci, 190 AD3d 1249, 1250 [3d Dept 2021]; Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [3d Dept 2018]).
Turning to petitioner's procedural objections, we are unpersuaded that petitioner was improperly denied documentary evidence. The record reflects that the documents requested — including the disciplinary record of the correction officers involved and the Hearing Officer, the Department of Corrections and Community Supervision employee handbook and the Hearing Officer's Reference Book — were not relevant to the charges (see Matter of Loret v Venettozzi, 205 AD3d 1171, 1172 [3d Dept 2022]). To the extent that petitioner asserts that the hearing was not completed in a timely manner because the extension was not approved until after the expiration of a previous extension, "[t]he regulatory time requirements are directory, not mandatory, and petitioner has not demonstrated that he was prejudiced by the short delay in obtaining the [*2]extension" (Matter of Black v Annucci, 197 AD3d 1446, 1447 [3d Dept 2021] [internal quotation marks and citation omitted]). Petitioner's remaining contention — that the Hearing Officer was biased — is not preserved for our review as he did not raise that on administrative review (see Matter of Spirles v Laramay, 137 AD3d 1400, 1400 [3d Dept 2016], lv denied 27 NY3d 907 [2016]).
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.