Matter of Villafane v Annucci (2023 NY Slip Op 02816)

Matter of Villafane v Annucci

2023 NY Slip Op 02816

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

535131
[*1]In the Matter of Anthony Villafane, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 21, 2023

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Anthony Villafane, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon after an exacto-type knife blade with a handle and sheath was found hidden inside a combination light switch and electrical outlet box that was mounted on the rear wall of petitioner's cell. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was affirmed upon administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, standing alone, provides substantial evidence to support the determination finding petitioner guilty of possessing a weapon (see Matter of Ramos v Annucci, 208 AD3d 1531, 1531-1532 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020], lv denied 36 NY3d 903 [2020]). Any lack of evidence that petitioner's cell was searched before he was housed in that cell does not negate the inference that he possessed the weapon, and "it was his own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [3d Dept 2019] [internal quotation marks and citation omitted]; accord Matter of Spencer v Annucci, 190 AD3d 1247, 1248 [3d Dept 2021]; Matter of Matthews v Annucci, 175 AD3d 1713, 1713 [3d Dept 2019]). To the extent that there was a failure to record the search of petitioner's cell in the gallery log book, such a technical defect does not require that the determination be annulled where, as here, the record reflects that the results of the search were noted elsewhere, including in the misbehavior report (see Matter of Gonzalez v Venettozzi, 155 AD3d 1149, 1150 [3d Dept 2017], lv denied 30 NY3d 913 [2018]). Moreover, the record reflects that petitioner was present when the correction officer conducted the search and discovered the weapon in his cell (see Matter of DeJesus v Mayes, 196 AD3d 992, 992-993 [3d Dept 2021]; Matter of Spencer v Annucci, 190 AD3d at 1248). To the extent petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.