Matter of Mena v Gutwein (2023 NY Slip Op 02817)

Matter of Mena v Gutwein

2023 NY Slip Op 02817

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

535627
[*1]In the Matter of Jonathan Mena, Petitioner,
v
Eric Gutwein, as Hearing Officer for the Department of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 21, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jonathan Mena, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon and possessing contraband after a metal shank and 30 20-ounce bottles of an unknown liquid were discovered in his cell. Following the search of his cell, petitioner was subjected to a strip frisk which led to the discovery of two bundles that petitioner pulled out of his waistband, one containing a green leafy substance and the other containing 51 pieces of paper soaked in a liquid substance. The substances on petitioner's person were identified as synthetic cannabinoids, and petitioner was charged in a second misbehavior report with possessing contraband, drug possession, drug distribution and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of, as charged in the first misbehavior report, possessing a weapon and possessing contraband and guilty of possessing contraband and smuggling as charged in the second misbehavior report. Petitioner was found not guilty of the drug possession and drug distribution charges alleged in the second misbehavior report. Upon administrative appeal, the determination was affirmed with a modified penalty, and this CPLR article 78 proceeding ensued.
Initially, because petitioner pleaded guilty to the charge of possessing contraband alleged in the first misbehavior report, he is precluded from challenging the sufficiency of the evidence supporting that part of the determination finding him guilty of that charge (see Matter of Partak v Venettozzi, 175 AD3d 1633, 1634 [3d Dept 2019]). As for the remaining charges, the misbehavior reports and related documentation, together with the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Barnes v Venettozzi, 207 AD3d 969, 970 [3d Dept 2022]; Matter of Ramos v Annucci, 203 AD3d 1370, 1370 [3d Dept 2022]; Matter of Spencer v Annucci, 190 AD3d 1247, 1248 [3d Dept 2021]; see also 7 NYCRR 270.2 [B] [14] [xiii]; [15] [i]). "As for that part of the determination finding petitioner guilty of smuggling and possessing contraband, neither charge required that the substance confiscated be tested for drugs" (Matter of Barnes v Venettozzi, 207 AD3d at 970 [citation omitted]). Petitioner's claim that the misbehavior reports were retaliatory presented credibility determinations for the Hearing Officer to resolve (see Matter of Fulton v Capra, 199 AD3d 1139, 1140 [3d Dept 2021]).
Turning to petitioner's procedural contentions, "the hearing was commenced in a timely manner and was completed in accordance with proper extension requests" (Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [3d Dept 2019] [internal quotation marks and citation omitted[*2]]). "In any event, compliance with the regulatory time limits contained in 7 NYCRR [former] 251-5.1 is directory only and there is no indication of any substantive prejudice to petitioner resulting from the delay" (Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [3d Dept 2018] [internal quotation marks and citations omitted]; accord Matter of Anselmo v Annucci, 176 AD3d at 1284). Finally, the record does not demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Lundy v Annucci, 203 AD3d 1364, 1366 [3d Dept 2022]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.