Matter of Knight v Rodriguez (2023 NY Slip Op 03525)

Matter of Knight v Rodriguez

2023 NY Slip Op 03525

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

535425
[*1]In the Matter of Jerry Knight, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:May 26, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jerry Knight, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violent conduct, creating a disturbance, fighting and refusing a direct order. According to the misbehavior report, petitioner participated in an altercation involving roughly 65 other incarcerated individuals. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. The determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the testimony of its author and video surveillance footage of the incident provide substantial evidence to support the determination of guilt (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [3d Dept 2020], lv denied 37 NY3d 905 [2021]; Matter of Hart v Rodriguez, 169 AD3d 1148, 1148-1149 [3d Dept 2019], lv denied 33 NY3d 910 [2019]; Matter of Pequero v Fischer, 122 AD3d 992, 993 [3d Dept 2014]). Petitioner's differing version of his actions during the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [3d Dept 2021]; Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018]).
Contrary to petitioner's assertions, the misbehavior report was sufficiently detailed to provide him notice of the charges and to enable him to discern his role in the incident, thereby affording him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c]; Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [3d Dept 2019]; Matter of Robinson v Lee, 155 AD3d 1169, 1170 [3d Dept 2017]). We similarly reject petitioner's contention that he received inadequate employee assistance inasmuch as he did not receive a copy of the unusual incident report as requested. The record reflects that at the time of the hearing only a preliminary report was available, which was nevertheless read into the record in petitioner's presence (see Matter of Malloy v Rodriguez, 200 AD3d 1382, 1383 [3d Dept 2021]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [3d Dept 2018], lv dismissed 32 NY3d 1140 [2019]). In any event, we have reviewed the final unusual incident report, "which does not contain any information exonerating petitioner of his guilt, nor has petitioner established that his ability to present a defense was prejudiced by not having received a copy of such report" (Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [3d Dept 2013]; see Matter of Malloy v Rodriguez, 200 AD3d at 1383). Notably, the Hearing Officer did not rely upon the unusual incident report in rendering the determination (see e.g. Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023[*2]]).
We are similarly unpersuaded by petitioner's assertion that he was improperly denied the testimony of a certain correction officer, as the record reflects that petitioner never requested such testimony, and "the Hearing Officer was under no obligation to present petitioner's case for him" (Matter of Bekka v Annucci, 168 AD3d at 1335 [internal quotation marks and citations omitted]; see Matter of Brown v Venettozzi, 162 AD3d 1434, 1436 [3d Dept 2018]). Although petitioner also mentioned his intention to call an unnamed incarcerated individual as a witness to his involvement in the incident, he failed to identify any such individual and, further, the record reflects that the specific individuals with whom petitioner may have had contact during the altercation could not be identified given the large number of people involved in the incident (see Matter of Letizia v Graham, 119 AD3d 1296, 1297 [3d Dept 2014], lv denied 24 NY3d 912 [2015]). Petitioner's challenge to the timeliness of the hearing is likewise without merit, as the record reflects that the hearing was commenced and completed in accordance with a properly obtained extension (see 7 NYCRR 251-5.1 [a], [b]; Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [3d Dept 2019]; Matter of Gonzalez v Annucci, 168 AD3d 1291, 1292 [3d Dept 2019]). Petitioner's remaining procedural contentions, to the extent properly before us, have been considered and found to be without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.