Matter of Eleby v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 00483)

Matter of Eleby v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 00483

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0841
[*1]In the Matter of Terrell Eleby, Petitioner,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:January 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Terrell Eleby, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing a weapon after a search of his cell uncovered a toothbrush handle with a nail embedded in it and a piece of plexiglass tapered into a point, both hidden in the ceiling light fixture. Following a tier III disciplinary hearing, petitioner was found guilty of that charge, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, supporting documentation and the hearing testimony of the correction officer who uncovered the weapons provide substantial evidence supporting the determination of guilt (see Matter of Mena v Gutwein, 216 AD3d 1384, 1385 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023]). "Any lack of evidence that petitioner's cell was searched before he was housed in that cell does not negate the inference that he possessed the weapon[s], and it was his own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Villafane v Annucci, 216 AD3d 1383, 1384 [3d Dept 2023] [internal quotation marks and citations omitted]). Petitioner's testimony that he was unaware that the weapons were in his cell created a credibility issue for the Hearing Officer to resolve (see Matter of Ramos v Annucci, 203 AD3d 1370, 1370 [3d Dept 2022]; Matter of Spencer v Annucci, 190 AD3d 1247, 1248 [3d Dept 2021]).
Petitioner contends that the Hearing Officer failed to provide him with a written copy of the disposition within 24 hours as required (see 7 NYCRR 254.7 [a] [2]). The record reflects that petitioner had been transferred to a different correctional facility at the time of his hearing and that he participated in the hearing remotely. The Hearing Officer read the written disposition into the record at the conclusion of the hearing and informed petitioner that the written disposition would be scanned and emailed to his new facility. Petitioner signed his administrative appeal on the same day that the hearing ended and at no point has he claimed how he was disadvantaged by the lack of receiving the written disposition. Under these circumstances, even accepting petitioner's allegation as true, he has not demonstrated any prejudice from the alleged violation (see Matter of Clark v Jordan, 212 AD3d 976, 978 [3d Dept 2023]).
Finally, petitioner argues that due to the fact that he is older than age 55, he was improperly held in the special housing unit prior to his hearing. Correction Law § 137 (6) (h) (as added by L 2021, ch 93, § 5) precludes incarcerated individuals belonging to a "special population," which includes, as relevant here, persons aged [*2]55 or over (see Correction Law § 2 [33] [b], as added by L 2021, ch 93, § 2), from being placed in segregated confinement. The record reflects, however, that petitioner was housed in a residential rehabilitation unit, rather than the special housing unit, following the discovery of the weapons. Further, petitioner advised the Hearing Officer during the hearing that he was currently being housed in a residential unit for the elderly at his new facility. In light of the foregoing, we conclude that the statutory requirements were satisfied (see Correction Law §§ 2 [33] [b]; 137 [6] [h], [i]; see also Dept of Corr & Community Supervision Directive No. 4933D [Feb. 15, 2023]).
Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.