Matter of Coggins v Rodriguez (2025 NY Slip Op 01854)

Matter of Coggins v Rodriguez

2025 NY Slip Op 01854

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-24-0973
[*1]In the Matter of Davide G. Coggins, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date:February 7, 2025

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Davide G. Coggins, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and creating a disturbance. The charges stemmed from an incident wherein a correction officer, upon hearing a disturbance, approached petitioner's cell, at which time petitioner repeatedly yelled and demanded that he be given certain medication. When the correction officer advised petitioner that he would need to wait for the scheduled medication run, petitioner lunged from his bed and struck the correction officer. Petitioner was placed in segregated confinement pending his disciplinary hearing, and, due to certain health issues, such confinement was served in a regional medical unit. At the conclusion of the tier III disciplinary hearing that followed, the Hearing Officer found petitioner guilty of all charges and a penalty was imposed. The Hearing Officer's decision was affirmed upon administrative appeal, and petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking, among other things, annulment of the underlying determination.
We confirm. The detailed misbehavior report and use of force report provide substantial evidence to support the determination of guilt (see Matter of Almonte v Annucci, 211 AD3d 1216, 1217 [3d Dept 2022]; Matter of Montgomery v Goord, 297 AD2d 870, 870 [3d Dept 2002]). To the extent that petitioner denied the underlying conduct and claimed that it was he who was attacked by correction officers, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Brown v Annucci, 221 AD3d 1146, 1147 [3d Dept 2023], lv denied 42 NY3d 903 [2024]; Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]).
Petitioner's procedural objections are equally unpersuasive. As to the timeliness of the hearing, because petitioner had been placed in segregated confinement, the disciplinary hearing had to be completed within five days of such placement unless petitioner requested a postponement in order to obtain employee assistance and/or representation (see 7 NYCRR 251.5.1 [a]). Petitioner requested an adjournment here seeking, among other things, the testimony of an unidentified nurse. Even assuming, without deciding, that the hearing was not reconvened/completed in a timely manner, we consistently have held that "compliance with the regulatory time limits contained in 7 NYCRR 251-5.1 is directory only" (Matter of Weston v Loughren, 217 AD3d 1177, 1178 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 908 [2023]; see Matter of Mena v Gutwein, 216 AD3d 1384, 1385 [3d Dept 2023], lv denied 40 NY3d 906 [2023]), and the record fails to disclose that petitioner was prejudiced by [*2]any resulting delay. Petitioner's request for the unidentified nurse was properly denied as she was not present during the underlying incident (see generally Matter of Johnson v Annucci, 205 AD3d 1173, 1174-1175 [3d Dept 2022]; Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [3d Dept 2020]), and petitioner has no constitutional right to a tape of the disciplinary hearing (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [3d Dept 2013], lv denied 22 NY3d 860 [2014]).
Additionally, although the Hearing Officer could have read the preliminary unusual incident report into the record (see e.g. Matter of Pitts v Jordan, 230 AD3d 1457, 1459 [3d Dept 2024]), his failure to do so caused no prejudice given that the Hearing Officer did not rely upon such report in reaching his decision (see Matter of Knight v Rodriguez, 217 AD3d 1300, 1301 [3d Dept 2023]). In any event, our in camera review of the final unusual incident report fails to disclose any information exonerating petitioner of his guilt, and petitioner has otherwise failed to demonstrate that he was prejudiced by not receiving a copy of such report (see id.; Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [3d Dept 2013]). Petitioner's claim that the Hearing Officer was involved in the investigation of the underlying incident is not borne out by the record, which also fails to reflect that the Hearing Officer was biased or that the resulting determination flowed from any alleged bias (see Matter of Mena v Gutwein, 216 AD3d at 1386; Matter of Moore v Annucci, 214 AD3d 1276, 1276 [3d Dept 2023]).
As to the penalty imposed, the 180 days of confinement in the special housing unit imposed has expired, rendering petitioner's challenge thereto moot (see Matter of Smith v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024]). We are not persuaded that the exception to the mootness doctrine applies (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). To the extent that petitioner argues that the recommended loss of good time is sufficient to defeat a finding of mootness, any such challenge is raised for the first time in this CPLR article 78 proceeding and, hence, is not properly before us (see Matter of Smith v Annucci, 232 AD3d at 1015-1016). Finally, to the extent that petitioner seeks a writ of mandamus to challenge the manner in which the disciplinary sanction was imposed, such relief is properly addressed by the grievance process (see Matter of Johnson v Ricks, 278 AD2d 559, 559 [3d Dept 2002], lv denied 96 NY2d 710 [2001]; compare 7 NYCRR 701.3 [e] [1]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.