Matter of Evans v Martuscello (2025 NY Slip Op 05025)

Matter of Evans v Martuscello

2025 NY Slip Op 05025

Decided on September 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

CV-25-0132
[*1]In the Matter of Jordan Evans, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:August 29, 2025

Before:Garry, P.J., Clark, Pritzker, Lynch and Fisher, JJ.

Jordan Evans, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While searching petitioner's cell, a correction officer discovered hidden within a box of rice a plastic baggie and wax paper containing a white powdery substance that was later determined to be cocaine. As a result, petitioner was charged in a misbehavior report with drug possession, drug distribution, possession of contraband and smuggling. Following a tier III disciplinary hearing, a Hearing Officer found petitioner guilty of each of the charges and, upon administrative review, such determination was upheld. This CPLR article 78 proceeding ensued.
Initially, as respondent concedes, and our review of the record confirms, that part of the determination that found petitioner guilty of possessing contraband, distributing drugs and smuggling is not supported by substantial evidence and must be annulled. The penalty included a recommendation for loss of good time and, therefore, the matter must be remitted for a redetermination of the penalty imposed on the remaining charge (see Matter of Moorer v Annucci, 230 AD3d 1454, 1455 [3d Dept 2024], lv dismissed & denied 42 NY3d 1093 [2025]).
As for the remaining charge, petitioner asserts that a confession from his witness proved his actual innocence and, therefore, the Hearing Officer's disposition is not supported by substantial evidence. We disagree. Such testimony from petitioner's witness presented a credibility issue for the Hearing Officer to resolve (see Matter of Smith v State of N.Y. [DOCCS], 239 AD3d 1117, 1118 [3d Dept 2025]; Matter of Peters v Annucci, 227 AD3d 1312, 1313 [3d Dept 2024]). Indeed, this confession was not dispositive as the misbehavior report, testimony from various witnesses involved in the cell search and drug testing, and the positive drug test result provide substantial evidence to support the determination that petitioner violated the disciplinary rule prohibiting drug possession (see Matter of Pleasant v Shope, 233 AD3d 1156, 1157 [3d Dept 2024]; Matter of McLean v Martuscello, 229 AD3d 1030, 1031 [3d Dept 2024]). Petitioner's remaining contentions regarding the completion of certain incident forms and evidence handling procedures were not raised during the hearing, and are therefore unpreserved for our review (see Matter of Hills v Annucci, 225 AD3d 1008, 1009 [3d Dept 2024]; Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023]).
Garry, P.J., Clark, Pritzker, Lynch and Fisher, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband, distributing drugs and smuggling; petition granted to that extent and respondent is directed to expunge all references to those charges from petitioner's institutional record, and matter remitted [*2]to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.